Crispin TIJERINA, Appellant,

v.

The STATE of Texas, Appellee.

No. 57205.

Court of Criminal Appeals of Texas, Panel No. 1.

March 21, 1979.

Laird Palmer, Austin, for appellant.

James L. McMurtry, County Atty., and J. Randall Walker, Asst. County Atty., Austin, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

### OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for unlawfully carrying a handgun. V.T.C.A. Penal Code, Sec. 46.02. Trial was before the court upon a plea of not guilty and punishment was assessed at a fine of $105.00.

At the outset appellant contends that the court erred in overruling his objection to the admission of the gun in evidence.

Officer Jones of the Austin Police Department testified that while he was on patrol in the early morning hours of July 13, 1975, he observed a vehicle in the parking lot between a bar and a shoe store on East 7th Street in Austin. The door of the vehicle was open and Jones noted "a pair of legs hanging out of the driver's door." Upon investigation it was determined that a person later identified as appellant "was sprawled on the front seat, his billfold was laying, I believe beside him, it was either beside him or on the floor and it was opened." Jones further testified "first of all what went through my mind was that he had been robbed or possibly stabbed or something like that." Jones tried to arouse the man to no avail and in the course of making such an attempt detected an odor of alcohol. After Jones finally was able to get appellant "to come around a little bit" he got him out of the car. The officer found no evidence of "injury or anything like that." Jones determined that appellant was in a state of intoxication and felt "that he might be possibly in some sort of danger or need some protection." Jones arrested appellant.and in frisking him found what "felt like a gun in his right front pocket." Upon further search of appellant a handgun was removed from his pocket.

Appellant urges that he was under arrest when the officer seized his body and removed it from the car. Since the officer did not determine until after he had removed appellant from the car that he was intoxicated and a danger to himself, appellant argues that the arrest was without probable cause and that the gun seized in a search incident thereto was the result of an unlawful search.

■ We find that Officer Jones' action was proper in removing appellant from the vehicle under the "emergency" or "exigent circumstances" doctrine. See *Perez v. State*, 514 S.W.2d 748; *Corbett v. State*, 493 S.W.2d 940. The officer observed appellant sprawled out on the seat of a car with his legs hanging out the door of the vehicle in the early morning hours. When the officer was unable to arouse him it was logical for the officer to conclude that appellant may have been the victim of an attack. An opened billfold beside him lent further credence to this theory. As was noted in *Perez v. State*, supra, a search of a person found in an unconscious condition is necessary and reasonable. The rapid discovery of a medical history carried on the person of one found to be unconscious might save his life. In the instant case if appellant had been the victim of a robbery and had been stabbed or physically harmed, the discovery of the injury by the officer could have resulted in treatment which may have saved his life. We reject appellant's argument that the action of the officer in removing him from the car constituted an illegal arrest. After appellant was removed from the vehicle the officer determined that he was intoxicated and a danger to himself. Appellant was arrested and the search incident thereto which resulted in the seizure of the gun was legal.

■ Appellant contends that the evidence is insufficient to sustain the conviction.

Appellant argues that the officer's testimony that appellant was so drunk that he was "unconscious" negates the necessary

elements of the offense that appellant "knowingly and intentionally" carried the handgun.

 In *Ramos v. State*, 547 S.W.2d 33, the defendant urged that he was intoxicated to such an extent that he failed to have the requisite intent necessary to commit a burglary. In rejecting such argument, this Court noted that under V.T.C.A. Penal Code, Sec. 8.04, voluntary intoxication is not a defense to the commission of a crime, but may be relied upon as a mitigating factor at the punishment phase of the trial. See *Hart v. State*, 537 S.W.2d 21. We find no merit in appellant's contention.

The judgment is affirmed.