Cresensio L. CONTRERAS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–01004–CR.

Court of Appeals of Texas, Houston (1st Dist.).

April 8, 1993.

Randy R. Holzapple, Houston, for appellant.

John B. Holmes, Jr., Karen A. Clark, Kelly Colquette, Houston, for appellee.

Before DUNN, SAM BASS and WILSON, JJ.

### OPINION

DUNN, Justice.

Appellant, Cresensio L. Contreras, appeals his conviction following a bench trial for unlawfully carrying a handgun. The court assessed a fine of $300.00 as punishment for the offense. Appellant complains in his sole point of error that the evidence was insufficient to prove he "carried" the gun, a required element of the crime. We affirm.

On the evening of May 5, 1992, Melissa Jackson was sitting at home when she heard five gunshots that she believed came from behind a bar near her home. She immediately called the police, and then went outside to investigate. Jackson saw a white pickup truck parked near the corner of Baylor and East 24th Streets. The truck was parked partly on the road and partly in the ditch. Jackson saw appellant seated alone in the pickup, and testified that she saw no other persons or vehicles in the vicinity until the police arrived.

When the police arrived, Jackson informed the officer that she had reported the gunshots. She saw the officer search the white pickup truck, remove the handgun, and arrest appellant. Jackson also testified that appellant was intoxicated at the time of his arrest.

Officer Mark Corona of the Houston Police Department testified that he received a call to go to the 1100 block of 24th Street, and was met there by Melissa Jackson. He observed a white pickup truck parked as described by Jackson, with appellant seated inside, and a Hispanic male standing outside near the rear of the pickup. He approached the pickup truck, and asked appellant to step out of the truck. Corona then observed in plain view a handgun in the seat directly beside where appellant had been sitting. Corona testified that the handgun was within appellant's reach. Corona placed appellant in the back seat of his patrol car. He asked appellant if the pistol taken from the truck was his, and appellant responded that it was.

Officer Melissa Burdick of the Houston Police Department arrived on the scene to find appellant seated in the back of Officer Corona's patrol car. She transferred appellant to her patrol car, and testified that appellant was intoxicated and combative. Officer Burdick took custody of the pistol from Officer Corona, removed the clip, and placed the pistol and the clip in an evidence bag. She maintained the chain of custody until she delivered the pistol to the property room. She testified that one spent shell was recovered from the ground, but she did not know where it had been found in relation to the position of the pickup truck.

All three witnesses testified on cross-examination that they had not observed appellant firing or otherwise handling the pistol. After the State had rested, appellant filed a motion for instructed verdict on

the basis that the State had failed to prove an essential element of its case. Appellant asserted that the State had failed to prove that appellant had "carried" the weapon, but the trial court denied the motion and found appellant guilty.

**Standard of review**

When reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the judgment. *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex.Crim.App.1984); *Coleman v. State*, 832 S.W.2d 409, 410 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). The critical inquiry is whether, after viewing the entire body of evidence in the light most favorable to the judgment, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 309, 99 S.Ct. 2781, 2784, 61 L.Ed.2d 560 (1979); *Saxton v. State*, 804 S.W.2d 910, 914 (Tex.Crim.App.1991); *Coleman*, 832 S.W.2d at 410. The standard of review is the same for both direct and circumstantial evidence. *Geesa v. State*, 820 S.W.2d 154, 161 (Tex.Crim.App.1991); *Ramirez v. State*, 822 S.W.2d 240, 244 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd).

**Insufficient evidence to prove "carrying"**

Appellant complains in his sole point of error that the evidence was insufficient to prove he "carried" the gun, a required element of the crime.

A person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun. TEX.PENAL CODE ANN. § 46.02(a) (Vernon 1989). When applied to persons occupying vehicles, the phrase "on or about the person" has been expanded to include the area near by, close at hand, convenient of access, and within such distance of the party so that, without materially changing his position, the party could get his hand on it. *Courtney v. State*, 424 S.W.2d 440, 441 (Tex.Crim.App. 1968) (quoting *Wagner v. State*, 188 S.W. 1001, 1002 (Tex.Crim.App.1916)). This view is consistent with the wording of article 483 of the old penal code, the precursor to section 46.02, which included in its prohibition weapons carried not only on or about

the person's body, but in his "saddle or in his saddlebags, or in his portfolio or purse." As the horse was the chief mode of personal transportation at the time article 483 was enacted, this wording clearly reflected the legislature's view that carrying on or about the person included weapons present on or within one's personal means of transportation. *Christian v. State*, 686 S.W.2d 930, 933 (Tex.Crim.App. 1985).

Appellant contends that the word "carry" denotes a concept which includes conveyance, and that some movement of the weapon is necessary to establish that it has been "carried." Although many of the cases under section 46.02 involve circumstances in which the weapon was clearly moved by the defendant, this is not required by the statute. The statute requires only a particular form of possession: carrying on or about the person, which includes, in our modern view, the interior of one's vehicle. The weapon need not be "carried" independently of the carrying implicit in the presently accepted meaning of "on or about the person." Numerous cases support this view. *See, e.g., Tijerina v. State*, 578 S.W.2d 415, 416 (Tex.Crim.App. 1979) (affirming conviction for unlawful carrying of weapon where defendant was found asleep in a parked car with a gun in his pocket); *Hazel v. State*, 534 S.W.2d 698, 700 (Tex.Crim.App.1976) (affirming conviction where gun was found on the floor of a parked vehicle in which defendant was sitting); *Turner v. State*, 744 S.W.2d 318, 319 (Tex.App.—Dallas 1988, pet. ref'd) (affirming conviction where defendant was seated in a parked pickup truck and gun was found in visor on driver's side); *Linvel v. State*, 629 S.W.2d 94 (Tex.App.—Dallas 1981, no pet.) (affirming conviction of passenger in a car for weapon found in her purse); *see also Christian*, 686 S.W.2d at 934–35 (McCormick, J., concurring) (citing additional cases in support of this view).

The record in this case reflects that appellant was seated in his truck with the weapon on the seat beside him. The weapon was clearly "carried on or about his

person" in that it was within his arm's reach inside the vehicle. Viewing the entire body of evidence in the light most favorable to the judgment, a rational trier of fact could have found that the State met its burden in proving each element of the offense beyond a reasonable doubt.

Appellant's point of error is overruled.

The judgment of the trial court is affirmed.