NUMBER 13-99-806-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________ 



JOSEPH PIERRE, Appellant, 



v. 



THE STATE OF TEXAS, Appellee. 

____________________________________________________________________ 

On appeal from the 148th District Court 

of Nueces County, Texas.

___________________________________________________________________ 



OPINION

Before Justices Hinojosa, Yañez, and Chavez

Opinion by Justice Chavez

 

 Appellant Joseph Pierre was convicted of aggravated assault for attacking Abel Cantu with a knife.(1) After a jury found
appellant guilty, the court assessed punishment at seventeen years imprisonment. Appellant raises four issues on appeal.
We affirm. On our own motion, we withdraw our prior opinion and substitute this one in its place. 

 Appellant's attorney filed a brief that meets the requirements of Anders v. California, 386 U.S. 738 (1967). Counsel
presented a professional evaluation of the record to demonstrate that there are no arguable grounds of error on appeal.
Appellant filed a brief within thirty days of being advised of his right to do so. 

 Appellant's pro se brief first challenges the factual sufficiency of the evidence to support his conviction. When reviewing
the factual sufficiency of the evidence, we view all the evidence and set aside the verdict only if it is so contrary to the
overwhelming weight of the evidence as to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996). The jury, as trier of fact, is the exclusive judge of the credibility of the witnesses and of the weight to be given
to their testimony. Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Penagraph v. State, 623 S.W.2d 341, 343 (Tex.
Crim. App. [panel op.] 1981). 

 The State presented multiple witnesses who described one version of what happened. In this version, appellant was angry
with the victim after an argument. The victim withdrew from the argument and went to work. He got a ride home from
work at about 11:00 p.m., and after he was dropped off at his house, but before he entered his home, appellant attacked
him. Appellant took the stand to testify in his defense. His version of the events differed considerably from the rest of the
witnesses. Appellant testified that before the victim quit arguing with him and went to work, he threatened appellant.
Appellant testified that he brought a knife with him for protection when he left the house at night, and was attacked by a
large group of people, including appellant. The jury was charged with self defense, and there were no objections to the
charge. The jury, as the sole judge of the weight and credibility of the evidence, is free to accept or reject any or all of the
evidence presented by either party. Wilkerson v. State, 881 S.W.2d 321, 324 (Tex. Crim. App. 1994). The jury's finding
that appellant committed aggravated assault and was not acting in self defense was not so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. We overrule appellant's first issue. 

 In his second issue for our review appellant argues that his trial counsel was ineffective. The United States Supreme Court
and the Texas Court of Criminal Appeals have both promulgated a two-prong standard to determine whether representation
was so inadequate that it violated the defendant's Sixth Amendment right to counsel. Strickland v. Washington, 466 U.S.
668, 687 (1984); Hernandez v. State, 726 S.W.2d 53, 54-55 (Tex. Crim. App. 1986). First, trial counsel's performance
must fall "below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. This deficiency must be such
that counsel failed to function as counsel. Yates v. State, 917 S.W.2d 915, 920 (Tex. App.--Corpus Christi 1996, pet.
ref'd.). Secondly, the appellant must prove that "the deficient performance prejudiced the defense" by "a reasonable
probability that, but for counsel's errors, the result of the proceeding would have been different." Strickland, 466 U.S. at
686, 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.at 693.
"Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness
claim." Id. at 700. 

 

 The burden of proving ineffective assistance of counsel is on the appellant by a preponderance of the evidence. Stafford v.
State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). An appellant must overcome a strong presumption that counsel's
performance fell within the wide range of reasonable professional assistance. Tijerina v. State, 921 S.W.2d 287, 289 (Tex.
App.--Corpus Christi 1996, no pet.). There is no indication in the record that trial counsel was ineffective and appellant has
brought none to our attention. We overrule appellant's second issue. 

 Third, appellant mentions that he had consumed alcohol before his altercation with Mr. Cantu. This is not in the record for
our review. Furthermore, voluntary intoxication is not available as a defense to negate the mens rea element of a criminal
offense. Tijerina v. State, 578 S.W.2d 415, 417 (Tex. Crim. App. 1979). We overrule appellant's third issue. 

 Finally, appellant argues that the punishment he received for the act he committed was too harsh. We disagree. The
legislature set the range of punishment for second degree felonies, including aggravated assault, between two and twenty
years imprisonment. Tex. Pen. Code Ann. § 12.33 (Vernon 1994). Appellant's seventeen year sentence is within this
range. Punishment falling within the applicable range prescribed by the legislature is not excessive, cruel or unusual.
Jackson v. State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). We overrule this issue. 

 Additionally, in accordance with Anders, counsel has requested permission to withdraw as counsel for appellant. See
Anders, 386 U.S. at 744. We grant appellant's attorney's motion to withdraw. 

 We AFFIRM the judgment of the trial court. 

 

MELCHOR CHAVEZ 

Justice 



Do not publish. 

Tex. R. App. P. 47.3. 



Opinion delivered and filed this 

the 21st day of December, 2000. 

1. Tex. Pen. Code Ann. § 22.02 (Vernon 1994).