2) Caption, civil cases






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
JOSE CINTRON,                                                )                  No. 08-05-00176-CR
)
                                    Appellant,                        )                              Appeal from
)
v.                                                                          )                  County Court at Law No. 4
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20040C02414)

O P I N I O N

            Jose Cintron appeals a jury conviction for unlawfully carrying a weapon. The court assessed
punishment at one year in the county jail, probated; a fine of $300, probated; and forfeiture of the
weapon. We affirm.
FACTUAL SUMMARY
            On December 14, 2003, at approximately 5:10 a.m., Officer Trujillo and Officer Montes were
dispatched to a traffic accident on Ramp H from I-10 East to U.S. 54 North. When the officers
arrived, they observed a 2002 Harley-Davidson motorcycle laying on its right side with Appellant
trapped underneath. Paramedics were already at the scene and no other vehicles were involved.
            Approximately fifteen minutes later, Appellant was taken to the hospital, accompanied by
Officer Trujillo. Officer Montes remained at the scene. Doctors informed Officer Trujillo that
Appellant had a broken ankle and he in turn notified Officer Montes of Appellant’s condition. 
Officer Montes proceeded to diagram the accident scene. Both officers testified that the motorcycle
was not drivable. Officer Montes began an inventory check according to procedure for impounding
a vehicle and found a .38 caliber handgun inside the right-side compartment beneath the driver’s
seat. The compartment was unlocked and within arm’s reach when sitting on or standing next to the
motorcycle. 
            Appellant stipulated at trial that he did not have a license to carry a handgun. It was also
stipulated that the only identifiable fingerprints found on the gun were those of Officer Trujillo. 
Both officers handled the gun while they were filling out paperwork on the case.
            George Anthony Tork, an employee of Barnett Harley-Davidson, testified that he sold
Appellant the motorcycle involved in the accident. He opined that the right-hand saddlebag could
not be accessed by a person sitting on the motorcycle without that person materially changing his
position. Tork explained that there are two small hooks underneath the lid and that it takes both
hands to unlatch the hinge and lift the lid back. This cannot be done while a person is driving the
motorcycle although the lid of the saddlebag is within arm’s reach of the driver.
MOTION FOR MISTRIAL
            In his first and second points of error, Appellant complains that the trial court erred in
denying his motion for mistrial because the prosecution commented on his failure to testify. In his
first example, the prosecutor argued, “Now, he did testify that -- that he was driving and that -- the
reasons why the accident occurred, but does it matter, you know, whether the accident occurred, you
know, at his fault. . . .” Appellant, who did not testify, argues this comment created the impression
that he testified outside the jury’s presence and not inside the courtroom. In his second example, he
points to the prosecutor’s question, “Why weren’t the Defendant’s fingerprints on the gun?” This,
he suggests, was a comment on his failure to testify because the only person who could provide this
information was Appellant himself.
Standard of Review
            We review the denial of a mistrial for an abuse of discretion. Ladd v. State, 3 S.W.3d 547,
567 (Tex.Crim.App. 1999), cert. denied, 529 U.S. 1070, 120 S.Ct. 1680, 146 L.Ed.2d 487 (2000). 
An abuse of discretion occurs only when the decision of the trial court falls outside the zone of
reasonable agreement. Zuliani v. State, 97 S.W.3d 589, 595 (Tex.Crim.App. 2003). In other words,
the trial court’s decision must have been arbitrary, unreasonable, and made without reference to any
guiding rules or principles. Pena v. State, 155 S.W.3d 238, 243-44 (Tex.App.--El Paso 2004, no
pet.). The particular facts of the case must be examined in determining whether an error necessitates
a mistrial. Hernandez v. State, 805 S.W.2d 409, 413-14 (Tex.Crim.App. 1990), cert. denied, 500
U.S. 960, 111 S.Ct. 2275, 114 L.Ed.2d 726 (1991). Generally, improper jury argument may be cured
by an instruction to disregard, unless “in light of the record as a whole it was extreme or manifestly
improper, violative of a mandatory statute, or injected new facts harmful to the accused.” Hawkins
v. State, 135 S.W.3d 72, 75 (Tex.Crim.App. 2004), citing Cooks v. State, 844 S.W.2d 697, 727
(Tex.Crim.App. 1992), cert. denied, 509 U.S. 927, 113 S.Ct. 3048, 125 L.Ed.2d 732 (1993). “[A]n
event that could have been prevented by timely objection or cured by instruction to the jury will not
lead an appellate court to reverse a judgment on an appeal by the party who did not request these
lesser remedies in the trial court.” Young v. State, 137 S.W.3d 65, 70 (Tex.Crim.App. 2004).
            Determining whether a mistrial should have been granted requires a harm analysis. Hawkins,
135 S.W.3d at 77. The analysis is conducted in light of any curative instruction from the trial court,
and a mistrial will only be required in those extreme circumstances where the prejudice can not be
cured. Id. Whether the instruction to disregard cured the error, and whether the motion for mistrial
should have been granted, requires us to determine beyond a reasonable doubt if the comment on
Appellant’s failure to testify contributed to his conviction. Brown v. State, 92 S.W.3d 655, 668
(Tex.App.--Dallas 2002), aff’d, 122 S.W.3d 794 (Tex.Crim.App. 2003), cert. denied, 541 U.S. 938,
124 S.Ct. 1678, 158 L.Ed.2d 359 (2004); Tex.R.App.P. § 44.2(a); Hough v. State, 828 S.W.2d 97,
100 (Tex.App.--Beaumont 1992, pet. ref’d). We review the record in a neutral light and not in the
light most favorable to the verdict. Brown, 92 S.W.3d at 668. In considering the impact of the error
on the jury, we should determine “if there was a reasonable possibility that the error, either alone or
in context, moved the jury from a state of nonpersuasion to one of persuasion as to the issue in
question.” Id. citing Wesbrook v. State, 29 S.W.3d 103, 119 (Tex.Crim.App. 2000).
Comment on the Failure to Testify
            The failure of an accused to testify may not be commented upon by the judge or the
prosecution because it offends the constitutional privilege against self-incrimination. Bustamante
v. State, 48 S.W.3d 761, 764 (Tex.Crim.App. 2001); U.S. Const. amend. V; Tex. Const. art. I, §
10. In determining if this privilege has been violated, the offending statement should be viewed from
the standpoint of the jury, and the implication that the comment referred to the defendant’s failure
to testify must be clear. Bustamante, 48 S.W.3d at 765; Rodriguez v. State, 90 S.W.3d 340, 367
(Tex. App.--El Paso 2001, pet. ref’d). It is not enough that the statement may be construed as an
indirect or implied allusion to the accused’s failure to testify. Id. The language used by the
prosecutor amounts to a comment on the defendant’s failure to testify if the language was manifestly
intended to do so or was of such character that a typical jury would necessarily and naturally take
it as a comment on the defendant’s failure to testify. Id.; United States v. Jefferson, 258 F.3d 405,
414 (5th Cir. 2001). “A remark that calls attention to the absence of evidence which only the
defendant could supply will result in reversal; however, if the language can reasonably be construed
to refer to appellant’s failure to produce evidence other than his own testimony, the comment is not
improper.” Patrick v. State, 906 S.W.2d 481, 491 (Tex.Crim.App. 1995), cert. denied, 517 U.S.
1106, 116 S.Ct. 1323, 134 L.Ed.2d 475 (1996).
            Here, the statement “he did testify” would not necessarily allow a jury to conclude that
Appellant had testified outside of their presence. Many courts have held that a prosecutor’s incorrect
reference to a defendant’s words through phrases such as “defendant’s testimony” and “defendant
testified” did not warrant reversal. Phillips v. State, 139 Tex.Crim. 574, 587, 141 S.W.2d 371, 379
(1940); Williams v. State, 169 Tex.Crim. 370, 375, 333 S.W.2d 846 (1960); Eurine v. State, 463
S.W.2d 2, 3-4 (Tex.Crim.App. 1971). Looking at the statement made here, it is likely that the
prosecutor meant to say “he told” rather than “he did testify” when referencing Appellant’s
statements to Officer Trujillo. See Harris v. State, 684 S.W.2d 687, 690 (Tex.Crim.App.
1984)(holding that, where the prosecutor was reminding the jury of appellant’s statements to a police
officer, the statement, “I ask you also to recall the testimony of this man -- not the testimony but the
words that came out of this man’s own . . .” was a reference to defendant’s words as related in the
officer’s testimony and did not warrant a mistrial).
            An instruction to disregard will generally cure any harm resulting from a comment on
defendant’s failure to testify, except for the most blatant of comments. Brown, 92 S.W.3d at 668. 
Assuming the statement did amount to a comment on Appellant’s failure to testify, it was not so
blatant that an instruction to disregard would not have cured the harm. Moore v. State, 999 S.W.2d
385, 405-06 (Tex.Crim.App. 1999). Despite the fact that Appellant did not object to the statement,
the trial court advised the jury that Appellant chose not to testify, and that his failure to testify could
not be taken as a circumstance against him. Where a defendant fails to request an instruction to
disregard, and the instruction would have cured any harm, the trial court does not abuse its discretion
in denying a motion for mistrial. Young v. State, 137 S.W.3d 65, 70 (Tex.Crim.App. 2004). We
overrule Point of Error One.
            Regarding the second example, Appellant claims the rhetorical question “[w]hy weren’t the
defendant’s fingerprints on the gun?” was impermissible as the only person who could supply this
information was Appellant. Rhetorical questions are generally within the scope of jury argument
provided they are based on a reasonable deduction from the evidence. Rodriguez v. State, 90 S.W.3d
340, 367 (Tex.App.--El Paso 2001, pet. ref’d). However, a rhetorical question may be an
impermissible comment on the failure to testify if it is accompanied by a statement pointing to the
lack of an explanation. Id.; Wolfe v. State, 917 S.W.2d 270, 280 (Tex.Crim.App. 1996)(holding a
rhetorical question may be permissible unless the prosecutor adds that there is no explanation). The
prosecutor here did not follow the question with a statement pointing to the lack of an explanation
that could only be provided by Appellant. Moreover, the trial court instructed the jury to disregard
the statement. Because the trial court did not abuse its discretion in denying the mistrial, we overrule
Point of Error Two.
CHARGE ERROR
            Appellant was prosecuted under Section 46.02(a) of the Texas Penal Code, which states a
person commits the offense of unlawful carrying of a weapon “if he intentionally, knowingly, or
recklessly carries on or about his person a handgun, illegal knife, or club.” Tex.Penal Code Ann.
§ 46.02(a)(Vernon 2003). Appellant claims the phrase “about the person” is nebulous or vague and
therefore should have been defined in the jury charge. He tendered the following definition for the
phrase “on or about”:
The term “about,” as used in the phrase “about his person,” as used herein means
nearby, close at hand, convenient of access and within such distance of the party as
that party could, without materially changing his position, get his hands on it.

            If a phrase, term, or word is statutorily defined, the trial court should submit the statutory
definition to the jury. Roise v. State, 7 S.W.3d 225, 242 (Tex. App.--Austin 1999, pet. ref’d), cert.
denied, 531 U.S. 895, 121 S.Ct. 225, 148 L.Ed.2d 160 (2000). The trial court is not required to
define a term or phrase that is not statutorily defined. Id. A word, term, or phrase which is not
defined by statute is to be taken and understood in its usual acceptance in common and ordinary
language and speech. Andrews v. State, 652 S.W.2d 370, 377 (Tex.Crim.App. 1983). Only if the
term or phrase does not have a common and ordinary meaning that jurors can be fairly presumed to
know and apply must a definition be supplied. Holmes v. State, 962 S.W.2d 663, 674 (Tex.App.--Waco 1998, pet. ref’d, untimely filed). The trial court is allowed broad discretion in submitting
proper definitions and explanatory phrases to the jury. Macias v. State, 959 S.W.2d 332, 336
(Tex.App.--Houston [14th Dist.] 1997, pet. ref’d).
            We perceive no abuse of discretion. The phrase carries a common and ordinary meaning that
the typical juror would be able to grasp and understand without ambiguity. And as it has no statutory
definition, the court was not compelled to provide one. Roise, 7 S.W.3d at 242. Moreover, defense
counsel ably suggested his own definition during his closing arguments. We overrule Point of Error
Three.
FACTUAL INSUFFICIENCY
            Finally, Appellant argues that the evidence was factually insufficient because it demonstrated
that a person riding the bike could not have retrieved the handgun while operating the motorcycle. 
Thus, he contends the handgun could not have been “on or about” his person. 
Standard of Review
            In reviewing the factual sufficiency of the evidence, the reviewing court considers all of the
evidence in a neutral light to determine whether a jury was rationally justified in finding guilt beyond
a reasonable doubt. Zuniga v. State, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004); Escamilla v. State,
143 S.W.3d 814, 817 (Tex.Crim.App. 2004). There are two ways in which the evidence may be
insufficient. Zuniga, 144 S.W.3d at 484. First, when considered by itself, evidence supporting the
verdict may be too weak to support the finding of guilt beyond a reasonable doubt. Id. Second, in
weighing both evidence supporting the verdict and evidence contrary to the verdict, the contrary
evidence may be strong enough that the beyond a reasonable doubt standard could not have been
met. Id. at 484-85. Deference is given to the jury’s verdict, as well as to the jury’s determinations
involving credibility and demeanor of witnesses. Id. at 481. The reviewing court may not assume
the role of fact finder or substitute its judgment for that of the jury. Id. at 482. A jury verdict should
not be overturned unless evidence supporting the verdict is so weak that it renders the verdict wrong
and manifestly unjust so that the verdict “shocks the conscience” or “clearly demonstrates bias” Id.
at 481.
The Statute
            The offense of unlawful carrying of a weapon is committed when one intentionally,
knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club. Tex.Penal
Code Ann. § 46.02(a). Carrying “on or about the person” includes weapons present on or within
one’s personal means of transportation. Contreras v. State, 853 S.W.2d 694, 696 (Tex.App.--Houston [1st Dist.] 1993, no pet.); see also Christian v. State, 686 S.W.2d 930, 933 (Tex.Crim.App.
1985)(recognizing “on or about the person” to cover at least the interior of an automobile). Any
compartment on a motorcycle fits within this expanded definition. See Burks v. State, 693 S.W.2d
747, 751 (Tex.App.--Houston [14th Dist.] 1985, pet. ref’d)(adding that it makes no difference
whether or not the motorcycle compartment is locked as long as the compartment is within close
proximity and within the appellant’s reach). 
            Considering the evidence in a neutral light, we must conclude that it was not so weak that
it could not support the jury’s verdict beyond a reasonable doubt. The handgun was found inside the
right side compartment of the motorcycle beneath the driver’s seat. Officer Montes testified the
compartment was unlocked and easily opened. Testimony also revealed that the compartment was
within arm’s reach of a person sitting on or standing next to the motorcycle. Although the defense
witness testified that a person sitting on the motorcycle would have to dismount in order to open the
right side compartment, even he acknowledged that the driver could reach the compartment while
sitting on the bike. In viewing the evidence in a neutral light, the contrary evidence was not so
strong that the standard of beyond a reasonable doubt could not be met. Because the evidence was
factually sufficient, we overrule Point of Error Four and affirm the judgment of the trial court.

August 31, 2006                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)