NUMBER 13-07-171-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ROLAND C. PALACIOS, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 319th District Court 

of Nueces County, Texas

 


MEMORANDUM OPINION


Before Justices Rodriguez, Garza, and Vela


Memorandum Opinion by Justice Vela




 Without a plea-bargain agreement, appellant, Roland Palacios, pleaded no contest
to the offense of burglary of a habitation with intent to commit aggravated assault. The trial
court sentenced him to sixty years' imprisonment. In one issue, Palacios contends the trial
court abused its discretion in excluding evidence which showed he lacked the mens rea
necessary to commit the offense. We affirm.I. Background

 Palacios was paroled to the home of his girlfriend, Hermilia Hinojosa, on June 29,
2005. He violated the terms of his parole and was sent to an intermediate-sanction facility
for drug rehabilitation. He was released on January 19, 2006. On January 21, he broke
into Hinojosa's home. Palacios called her on her cell phone, requesting that she go home
so they could go out together. She refused. He then threatened to kill her, so she called
the police. Palacios destroyed everything in the house, then left.

 On February 5, 2006, Palacios called Ms. Hinojosa while she was at a restaurant
with her niece, Kassie, and daughter, Jovanna. He left her threatening messages that
frightened her. Kassie, who had been living with her son, Joey, at Hinojosa's house, told
Hinojosa not to go home that night. She agreed and stayed with a friend. When Kassie
and Jovanna returned to Hinojosa's home, they found Palacios standing outside the house. 
Jovanna rushed inside and told Kassie to lock the door and take her baby to the back of
the house. Jovanna called "911" while Kassie hid the baby. Palacios kicked the door
down, and Kassie ran and hid. He searched the house, shouting for Hinojosa. Jovanna
screamed at him that Hinojosa was not there. He then threw a full twenty-four ounce can
of beer at Jovanna's head. She ducked, and the can hit a computer. He continued to ask
Jovanna where her mother was, and she continued to tell him to leave. He then threw a
knife at her, but she ducked, and it missed.

 Palacios fled as two police officers arrived at the house. The officers stayed nearby
to wait for his return. Palacios returned to the house, but he fled again. The police were
able to find him a few houses away. The police officers tried to subdue him, but he
resisted. The officers had to use mace twice before he would settle down and get in their
car. While in the police car, he continued to fight. He was eventually restrained.

 Palacios testified he did not remember any part of the incident on February 5th. He
stated he had been suffering from blackouts for days due to drugs and alcohol. Palacios
said he heard voices and that he drank and smoked crack to quiet them. Two psychiatrists
examined him, and both found him to be sane.

 Palacios was indicted for burglary of a habitation with intent to commit aggravated
assault. At a pretrial hearing, the trial court heard Palacios's motion to determine
admissibility of the reports of both psychiatrists. Palacios wanted to use the psychiatrists'
reports to show "diminished responsibility" to negate the mens rea element of intentionally
or knowingly. The trial court excluded the evidence, and Palacios pleaded no contest. 
This appeal followed.II. Standard of Review 

 We review the trial court's decision to admit or exclude evidence under an abuse
of discretion standard. Green v. State, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996);
Osbourn v. State, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002); Wilks v. State, 983 S.W.2d
863, 866 (Tex. App.-Corpus Christi 1998, no pet.). A trial court abuses its discretion if its
decision was arbitrary or unreasonable, Brown v. State, 960 S.W.2d 772, 778 (Tex.
App.-Dallas 1997, pet. ref'd), or if, given the record and the law, the decision fell outside
the zone of reasonable disagreement. See Benitez v. State, 5 S.W.3d 915, 918 (Tex.
App.-Amarillo 1999, pet. ref'd). 

III. Analysis

 The first question this Court must answer is whether Palacios waived his right to
appeal. Because he pleaded no contest without a plea recommendation, the appellant can
only appeal: (1) jurisdictional defects; (2) the voluntariness of his plea; (3) an error that is
not independent of and supports the judgment of guilt; and (4) potential error occurring
after the guilty plea. Perez v. State, 129 S.W.3d 282, 288 (Tex. App.-Corpus Christi 2004,
no pet.). Palacios claims the issue he is raising is not independent of and supports the
judgment of the trial court, and therefore, he has not waived it. See Young v. State, 8
S.W.3d 656, 667 (Tex. Crim. App. 2000). To show the issue raised is not independent of
the judgment, an appellant must show an evidentiary nexus between the error and the
judgment. See Sanchez v. State, 98 S.W.3d 349, 353 (Tex. App.-Houston [1st Dist.]
2003, pet. ref'd) (holding the guilty plea was not independent of the trial court's ruling to
reveal the identity of a confidential informant because informant's testimony was vital to
defense). Here, like Sanchez, the issue of Palacios's state of mind goes directly to a
necessary element of his defense. Therefore, we determine the issue was not
independent of the judgment and, therefore, was not waived.

 Next, we must determine whether the trial court abused its discretion in finding the
medical evidence inadmissible. Neither psychiatrist who evaluated Palacios found him to
be insane. Palacios is not raising an insanity defense but rather "diminished responsibility"
to negate the mens rea element. This defense has previously been recognized as a
defense, but only in limited circumstances. Jackson v. State, 160 S.W.3d 568, 574 (Tex.
Crim. App. 2005). Moreover, the evidence can still be excluded if the probative effect is
substantially outweighed by the danger of unfair prejudice. See Tex. R. Evid. 403 (Vernon
2003); Jackson, 160 S.W.3d at 574. Palacios's evidence would have to show the
blackouts were caused by a mental illness combined with the drugs because voluntary
intoxication alone is not a defense to negate the element of mens rea. Tijerina v. State,
578 S.W.2d 415, 416-17 (Tex. Crim. App. 1979); see also Wilson v. State, No. 13-04-00298-CR, 2007 WL 1559104, at *2 (Tex. App.-Corpus Christi, May 21, 2007, pet dism'd)
(mem. op., not designated for publication). 

 One of the psychiatrists, Dr. Martinez, said the blackout was "theoretically and
clinically possible." He further testified that, if the blackouts occurred, the primary cause
was voluntary intoxication. Dr. Martinez explained that the long blackouts described by
Palacios are not typical of rage or emotionally induced blackouts, but are more commonly
attributed to substance abuse. There was no evidence of psychosis, mania, or any mental
illness that would cause blackouts. The chance of confusing the jury is great. The
testimony could confuse a reasonable jury into believing Palacios was raising an insanity
defense based on voluntary intoxication, which is not allowed. See Tex. Penal Code Ann.
§ 8.04(a) (Vernon 2003). Because the probative value is slight and there is a high
possibility of confusing the jury, the trial court did not abuse its discretion when it chose to
exclude the mental-illness evidence. See Tex. R. Evid. 403. The trial court's decision to
not admit the mental illness evidence was not an abuse of discretion. 

IV. Conclusion

 We overrule Palacios's sole issue. We affirm.




 

 ROSE VELA 

 Justice



Do not publish.

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and

filed this 17th day of July, 2008.