

NUMBER 13-07-171-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

ROLAND C. PALACIOS,                                                         Appellant,

v.

THE STATE OF TEXAS,                                                         Appellee.

On appeal from the 319th District Court
of Nueces County, Texas

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Vela

Without a plea-bargain agreement, appellant, Roland Palacios, pleaded no contest to the offense of burglary of a habitation with intent to commit aggravated assault. The trial court sentenced him to sixty years' imprisonment. In one issue, Palacios contends the trial court abused its discretion in excluding evidence which showed he lacked the mens rea

necessary to commit the offense. We affirm.

## I. BACKGROUND

Palacios was paroled to the home of his girlfriend, Hermilia Hinojosa, on June 29, 2005. He violated the terms of his parole and was sent to an intermediate-sanction facility for drug rehabilitation. He was released on January 19, 2006. On January 21, he broke into Hinojosa's home. Palacios called her on her cell phone, requesting that she go home so they could go out together. She refused. He then threatened to kill her, so she called the police. Palacios destroyed everything in the house, then left.

On February 5, 2006, Palacios called Ms. Hinojosa while she was at a restaurant with her niece, Kassie, and daughter, Jovanna. He left her threatening messages that frightened her. Kassie, who had been living with her son, Joey, at Hinojosa's house, told Hinojosa not to go home that night. She agreed and stayed with a friend. When Kassie and Jovanna returned to Hinojosa's home, they found Palacios standing outside the house. Jovanna rushed inside and told Kassie to lock the door and take her baby to the back of the house. Jovanna called "911" while Kassie hid the baby. Palacios kicked the door down, and Kassie ran and hid. He searched the house, shouting for Hinojosa. Jovanna screamed at him that Hinojosa was not there. He then threw a full twenty-four ounce can of beer at Jovanna's head. She ducked, and the can hit a computer. He continued to ask Jovanna where her mother was, and she continued to tell him to leave. He then threw a knife at her, but she ducked, and it missed.

Palacios fled as two police officers arrived at the house. The officers stayed nearby to wait for his return. Palacios returned to the house, but he fled again. The police were able to find him a few houses away. The police officers tried to subdue him, but he resisted. The officers had to use mace twice before he would settle down and get in their

2

car.  While in the police car, he continued to fight.  He was eventually restrained.

Palacios testified he did not remember any part of the incident on February 5th.  He stated he had been suffering from blackouts for days due to drugs and alcohol.  Palacios said he heard voices and that he drank and smoked crack to quiet them.  Two psychiatrists examined him, and both found him to be sane.

Palacios was indicted for burglary of a habitation with intent to commit aggravated assault.  At a pretrial hearing, the trial court heard Palacios's motion to determine admissibility of the reports of both psychiatrists.  Palacios wanted to use the psychiatrists' reports to show "diminished responsibility" to negate the mens rea element of intentionally or knowingly.  The trial court excluded the evidence, and Palacios pleaded no contest. This appeal followed.

## II. STANDARD OF REVIEW

We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard.  *Green v. State*, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996); *Osbourn v. State*, 92 S.W.3d 531, 537 (Tex. Crim. App. 2002); *Wilks v. State*, 983 S.W.2d 863, 866 (Tex. App.–Corpus Christi 1998, no pet.).  A trial court abuses its discretion if its decision was arbitrary or unreasonable,  *Brown v. State*, 960 S.W.2d 772, 778 (Tex. App.–Dallas 1997, pet. ref'd), or if, given the record and the law, the decision fell outside the zone of reasonable disagreement.  *See Benitez v. State*, 5 S.W.3d 915, 918 (Tex. App.–Amarillo 1999, pet. ref'd).

## III. ANALYSIS

The first question this Court must answer is whether Palacios waived his right to appeal. Because he pleaded no contest without a plea recommendation, the appellant can only appeal:  (1) jurisdictional defects; (2) the voluntariness of his plea; (3) an error that is

not independent of and supports the judgment of guilt; and (4) potential error occurring after the guilty plea. *Perez v. State*, 129 S.W.3d 282, 288 (Tex. App.–Corpus Christi 2004, no pet.). Palacios claims the issue he is raising is not independent of and supports the judgment of the trial court, and therefore, he has not waived it. *See Young v. State*, 8 S.W.3d 656, 667 (Tex. Crim. App. 2000). To show the issue raised is not independent of the judgment, an appellant must show an evidentiary nexus between the error and the judgment. *See Sanchez v. State*, 98 S.W.3d 349, 353 (Tex. App.–Houston [1st Dist.] 2003, pet. ref'd) (holding the guilty plea was not independent of the trial court's ruling to reveal the identity of a confidential informant because informant's testimony was vital to defense). Here, like *Sanchez*, the issue of Palacios's state of mind goes directly to a necessary element of his defense. Therefore, we determine the issue was not independent of the judgment and, therefore, was not waived.

Next, we must determine whether the trial court abused its discretion in finding the medical evidence inadmissible. Neither psychiatrist who evaluated Palacios found him to be insane. Palacios is not raising an insanity defense but rather "diminished responsibility" to negate the mens rea element. This defense has previously been recognized as a defense, but only in limited circumstances. *Jackson v. State*, 160 S.W.3d 568, 574 (Tex. Crim. App. 2005). Moreover, the evidence can still be excluded if the probative effect is substantially outweighed by the danger of unfair prejudice. *See* TEX. R. EVID. 403 (Vernon 2003); *Jackson*, 160 S.W.3d at 574. Palacios's evidence would have to show the blackouts were caused by a mental illness combined with the drugs because voluntary intoxication alone is not a defense to negate the element of mens rea. *Tijerina v. State*, 578 S.W.2d 415, 416-17 (Tex. Crim. App. 1979); *see also Wilson v. State*, No. 13-04-00298-CR, 2007 WL 1559104, at *2 (Tex. App.–Corpus Christi, May 21, 2007, pet dism'd)

4

(mem. op., not designated for publication).

One of the psychiatrists, Dr. Martinez, said the blackout was "theoretically and clinically possible." He further testified that, if the blackouts occurred, the primary cause was voluntary intoxication. Dr. Martinez explained that the long blackouts described by Palacios are not typical of rage or emotionally induced blackouts, but are more commonly attributed to substance abuse. There was no evidence of psychosis, mania, or any mental illness that would cause blackouts. The chance of confusing the jury is great. The testimony could confuse a reasonable jury into believing Palacios was raising an insanity defense based on voluntary intoxication, which is not allowed. *See* TEX. PENAL CODE ANN. § 8.04(a) (Vernon 2003). Because the probative value is slight and there is a high possibility of confusing the jury, the trial court did not abuse its discretion when it chose to exclude the mental-illness evidence. *See* TEX. R. EVID. 403. The trial court's decision to not admit the mental illness evidence was not an abuse of discretion.

IV. CONCLUSION

We overrule Palacios's sole issue. We affirm.


ROSE VELA
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 17th day of July, 2008.

5