

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| DEREK THOMAS KELLY, | § | No. 08-19-00044-CR |
| Appellant, | § | Appeal from the |
| v. | § | County Criminal Court No. 2 |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | | (TC# 20170C09263) |

## **O P I N I O N**

Derek Thomas Kelly appeals from a conviction for unlawful carrying of a weapon. More specifically, Kelly was charged with, and convicted of, "intentionally, knowingly or recklessly carry[ing] on or about the defendant's person a handgun in a motor vehicle that was owned by the defendant or was under the defendant's control at any time in which the defendant was a member of a criminal street gang[.]" We affirm.

## **BACKGROUND**

Daniel Gomez, an officer with the El Paso Police Department, observed a motorcycle speeding at approximately 7:30 on the morning of October 16, 2017. He engaged his radar and determined that the motorcycle was traveling 50 miles per hour in a 35 mile-per-hour zone. While pursuing the motorcycle to initiate a traffic stop, Officer Gomez noticed that the driver was wearing the colors of the Bandidos Motorcycle Club. He then called for backup, according to police

department protocol.

Kelly, who was the driver and lone occupant of the motorcycle, pulled over and was compliant with Officer Gomez's request for identification. Kelly admitted that he was a gang member, and a Bandidos membership card was found in his wallet. He also admitted that he had a handgun in a small, zipped duffel bag that was attached to the rear seat of the motorcycle with Bungee cords. A search of the duffel bag, with Kelly's consent, revealed a loaded .22 caliber Sig Sauer pistol resting at the top of the bag near the zipper. Kelly informed the officers that he was employed at a ranch to kill snakes, which was why he had the gun with him.

Kelly was arrested and charged with unlawfully carrying a weapon. A jury returned a verdict of guilty as charged, and the court imposed a sentence of two days, with credit for time served.

**I.**

**ISSUES**

In a single issue, Kelly contends that the evidence is legally and factually insufficient to support his conviction for unlawfully carrying a weapon. He challenges only one element of that offense—that he carried a handgun "on or about" his person in a motor vehicle. *See* TEX. PENAL CODE ANN. § 46.02(a-1).

**STANDARD OF REVIEW**

The standard for reviewing the legal sufficiency of the evidence to support a finding of guilt is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Arroyo v. State*, 559 S.W.3d 484, 487 (Tex. Crim. App. 2018); *accord Nisbett v. State*, 552 S.W.3d 244, 262 (Tex. Crim. App. 2018); *Zuniga v. State*, 551 S.W.3d 729, 732 (Tex. Crim. App.

2018).

The Court of Criminal Appeals has abolished the factual sufficiency standard for reviewing the evidence supporting a criminal conviction. *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). The standard recited above is now the only sufficiency standard applicable to the elements the State is required to prove. *Id.*; *Cary v. State*, 507 S.W.3d 761, 765–66 (Tex. Crim. App. 2016) (legal sufficiency test is only standard appellate court should apply to determine whether evidence is sufficient to support a criminal conviction).

## DISCUSSION

A person commits an offense under section 46.02 of the Texas Penal Code if he "intentionally, knowingly, or recklessly carries on or about his . . . person a handgun in a motor vehicle . . . that is owned by the person or under the person's control at any time in which . . . the person is . . . a member of a criminal street gang[.]" TEX. PENAL CODE ANN. § 46.02(a-1)(2)(C). "[O]n or about the person" has been construed to mean "near by, close at hand, convenient of access, and within such distance of the party so having it as that such party could, without materially changing his position, get his hand on it[.]" *Courtney v. State*, 424 S.W.2d 440, 441 (Tex. Crim. App. 1968). Thus, carrying a handgun in the glove compartment of a car falls within the meaning of this phrase. *Id.*; *see Contreras v. State*, 853 S.W.2d 694, 696-97 (Tex. App.— Houston [1st Dist.] 1993, no pet.) (weapon within arm's reach inside vehicle is "on or about his person").

The court in *Burks v. State*, 693 S.W.2d 747 (Tex. App.—Houston [14th Dist.] 1985, pet. ref'd), after acknowledging the definition of "on or about" one's person as "nearby, close at hand or within such distance that the party can reach it without materially changing his position," concluded that "any compartment on a motorcycle" fits within that definition. *Id.* at 751. The court

3

also found it immaterial whether the handgun was found in a locked compartment under the driver's seat or in "some compartment on the motorcycle[.]" *Id.* "What is important is that the compartment was in close proximity and within appellant's reach." *Id.*

This Court followed *Burks* in a case in which a handgun was found inside a compartment of a motorcycle beneath the driver's seat. *Cintron v. State*, No. 08-05-00176-CR, 2006 WL 2516516, at *5 (Tex. App.—El Paso Aug. 31, 2006, no pet.) (not designated for publication). Because the compartment was within arm's reach of a person sitting on, or standing beside, the motorcycle, the Court held that the evidence was sufficient to support a finding that the weapon was "on or about" the defendant's person. *Id.*

Kelly contends that the evidence in this case is insufficient to support his conviction because the handgun here at issue was not found on his person, within his personal means of transportation, or in a compartment of the motorcycle. We find it of no consequence that the weapon was found in a duffel bag strapped onto the motorcycle rather than a compartment built into the motorcycle.[1] Rather, we agree with the State, as a matter of common sense, that "if a motorcycle compartment is sufficiently close to the motorcycle's operator to be the equivalent of the interior of a car for purposes of the unlawful-carrying-of-a-weapon statute, then the rear passenger seat, located directly behind the motorcycle's operator, is likewise included within what constitutes the interior of a motorcycle." (Citations omitted.)

Kelly additionally urges that the weapon was not "on or about" his person because he "would have had to stop his motorcycle, turn off the engine, dismount, unstrap the duffel bag and then open or unzip it before being able to retrieve the weapon." We first note that there is no evidence to support Kelly's contention concerning the steps required to actually access the

---

[1] Kelly does not cite any authority indicating that this distinction has any significance in assessing a violation of section 46.02, and we are not aware of any such authority.

weapon. On the contrary, the evidence shows that the duffel bag was within reach of the motorcycle driver and that, once unzipped, the handgun itself was located at the top of the bag and, thus, easily accessible. Further, under *Burks* and *Cintron*, it is the proximity of the compartment (or, here, the duffel bag) containing the weapon that is significant, even if that compartment is locked. *See Burks*, 693 S.W.2d at 751; *see also Cintron*, 2006 WL 2516516, at *5.

We conclude that, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found beyond a reasonable doubt that Kelly carried a handgun "on or about" his person in a motor vehicle, *i.e.*, his motorcycle. *See Arroyo*, 559 S.W.3d at 487 (sufficiency standard); TEX. PENAL CODE ANN. § 46.02(a-1) (statute defining the offense).

We overrule Kelly's sole issue on appeal.

## II.

The trial court certified Kelly's right to appeal in this case, but the certification does not bear his signature indicating that he was informed of his rights to appeal and to file a pro se petition for discretionary review with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 25.2(d). The certification is thus defective and has not been corrected by Kelly's attorney or the trial court. To remedy this defect, this Court ORDERS Kelly's attorney, pursuant to Rule 48.4, to send a copy of this opinion and this Court's judgment to Kelly, to notify Kelly of his right to file a pro se petition for discretionary review, and to inform Kelly of the applicable deadlines. *See* TEX. R. APP. P. 48.4, 68. Kelly's attorney is further ORDERED, to comply with all of the requirements of Rule 48.4.

## CONCLUSION

The evidence is sufficient to support Kelly's conviction for unlawfully carrying a weapon. The judgment of the trial court is affirmed.

GINA M. PALAFOX, Justice

August 5, 2020

Before Alley, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)