

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00682-CR

Michael David **KONVICKA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 198th Judicial District Court, Bandera County, Texas
Trial Court No. CR-21-0000040
Honorable M. Rex Emerson, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:       Patricia O. Alvarez, Justice
               Irene Rios, Justice
               Beth Watkins, Justice

Delivered and Filed: June 12, 2024

AFFIRMED

Appellant Michael David Konvicka appeals his conviction for assault of a peace officer, arguing that the State's evidence was legally insufficient to support his conviction. For the following reasons, we affirm.

### BACKGROUND

Konvicka was arrested for assault of a peace officer after he injured an officer who was attempting to place him under arrest for a separate reported assault.

The initial 911 call was placed by Konvicka's ex-girlfriend who lived in an apartment on the same property as Konvicka and other relatives and friends or acquaintances. When the ex-girlfriend provided her account of the alleged assault, she suggested that Konvicka was under the influence of alcohol and explained that he had never attacked her before. The investigating officers then looked for Konvicka to arrest him for the reported assault.

The officers located Konvicka in a building that appeared to be under construction. The doors to the building were open, and Konvicka appeared shirtless in a hallway. Konvicka's dog was also with him—it was a medium-sized dog with an alert appearance that stayed by his side and barked at the officers continuously.

The officers attempted to talk to Konvicka, and Konvicka attempted to walk away. One of the officers—Deputy Duty of the Bandera Sheriff's Department—pointed his Taser at Konvicka and instructed him to get on the ground because he was under arrest. Konvicka disregarded Deputy Duty's instruction and attempted to evade him. Deputy Duty deployed his Taser, but it did not disable Konvicka. Konvicka ran out of the building and away from the officers. The officers chased Konvicka. When they apprehended Konvicka, Konvicka struggled as they placed him under arrest. In the struggle, Konvicka struck Deputy Duty in the mouth with his knee. The force of Konvicka's knee strike loosened two of Deputy Duty's teeth, which later fell out entirely.

In the patrol car, Konvicka continued to yell, slurring his words and banging his head on the patrol car's interior. Deputy Duty informed Konvicka that he was going to jail for evading arrest, but Konvicka continued to demand to know why he was under arrest and going to jail. He cussed and yelled and insisted that he had been asleep.

Konvicka was charged with aggravated assault for striking Deputy Duty in the mouth with his knee. The jury convicted Konvicka of the charge, and this appeal followed.

**STANDARD OF REVIEW**

In reviewing the sufficiency of the evidence, "we view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011); *accord Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Gear v. State*, 340 S.W.3d 743, 746 (Tex. Crim. App. 2011). "This standard recognizes the trier of fact's role as the sole judge of the weight and credibility of the evidence . . . ." *Adames*, 353 S.W.3d at 860; *accord Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). This means we may not substitute our judgment for that of the jury by reevaluating the weight and credibility of the evidence. *See King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Instead, we defer to the jury's responsibility to resolve any conflicts in the evidence fairly, weigh the evidence, and draw reasonable inferences. *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007); *King*, 29 S.W.3d at 562.

**LEGAL SUFFICIENCY OF THE EVIDENCE SUPPORTING KONVICKA'S ASSAULT CONVICTION**

**A.     Parties' Arguments**

Konvicka argues specifically that the State failed to prove mens rea. The State argues that it proved the necessary mens rea by providing testimony regarding Konvicka's combative behavior at the time of his arrest, i.e., that Konvicka injured Deputy Duty by resisting arrest and flailing instead of complying with the officers' instructions.

**B.     Law**

Part of the State's burden in proving assault on a peace officer is to prove mens rea— whether intentional, knowing, or reckless. *See* TEX. PENAL CODE ANN. § 22.01; *Crawford v. State*, 683 S.W.3d 793, 798 (Tex. App.—San Antonio 2023, pet. granted). At the very least, the State must show that, with respect to circumstances surrounding the defendant's conduct at the time of

the alleged offense or the result of his conduct, he was aware of but consciously disregarded a substantial and unjustifiable risk that the circumstances existed or the result, i.e., the injury, threat, or provocation, would occur. *See* TEX. PENAL CODE ANN. §§ 6.03, 22.01; *Pena v. State*, No. 13-17-00596-CR, 2019 WL 4200295, at *3 (Tex. App.—Corpus Christi–Edinburg Sept. 5, 2019, no pet.) (mem. op., not designated for publication); *Kaigler v. State*, No. 13-18-00378-CR, 2019 WL 2622341, at *2 (Tex. App.—Corpus Christi–Edinburg June 27, 2019, no pet.) (mem. op., not designated for publication); *Byers v. State*, No. 02-17-00282-CR, 2018 WL 3580886, at *3 (Tex. App.—Fort Worth July 26, 2018, no pet.) (mem. op., not designated for publication).

"The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint." TEX. PENAL CODE ANN. § 6.03. Resisting arrest can constitute an example of such a gross deviation from the standard of care that an ordinary person would exercise under the same set of circumstances. *See Griffis v. State*, 441 S.W.3d 599, 604 (Tex. App.—San Antonio 2014, pet. ref'd).

Intoxication does not mitigate the disregard. *Williams v. State*, No. 13-00-118-CR, 2000 WL 33421282, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 31, 2000, no pet.) (mem. op., not designated for publication) (citing *Tijerina v. State*, 578 S.W.2d 415, 417 (Tex. Crim. App. 1979)).

## C.     Analysis

The record shows that Konvicka resisted arrest and struggled with officers as they attempted to handcuff him and place him in a patrol car. Even after Deputy Duty deployed his Taser, Konvicka ran from the officers and flailed when they caught him.

This evidence demonstrates that Konvicka had the required culpable mental state of recklessness. *See Griffis*, 441 S.W.3d at 604. The evidence shows that Konvicka disregarded the

officers' instructions. He flailed his arms and kicked his legs as the officers attempted to hold him down. This constitutes circumstantial evidence that Konvicka consciously disregarded the risk of injuring the officers with his combative actions, and it satisfies the reckless mens rea element of assault of a peace officer. *See* TEX. PENAL CODE ANN. § 6.03; *Kaigler*, 2019 WL 2622341, at *2.

Considering the evidence in the light most favorable to the verdict, we conclude that the evidence is legally sufficient to establish that Konvicka at least recklessly caused bodily injury to Deputy Duty. *See Brooks*, 323 S.W.3d at 899. We therefore overrule Konvicka's sole issue.

## CONCLUSION

Based on the trial record, we conclude that the evidence is legally sufficient to support Konvicka's conviction for assault of a peace officer. We affirm the trial court's judgment.

Patricia O. Alvarez, Justice

Do Not Publish